UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HENRY WATTERS,
    Plaintiff,

vs.                                                    09-1115

JOSEPH MATHY, et. al,
    Defendants.

<u>ORDER</u>

      This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff has filed this lawsuit pursuant to 42 U.S.C. §1983 against 17 defendants at the Pontiac Correctional Center. There are several problems with the plaintiff's complaint. For instance, the Federal Rules of Evidence require that the plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).

      For some allegations in his complaint, the plaintiff does not clearly state which defendants were involved. For instance, the plaintiff states he was "slammed to the floor," but does not clearly state who was involved. (Comp, p. 7) In addition, the plaintiff cannot simply say "the defendants" were deliberately indifferent to his health and safety. (Comp, p. 11) The plaintiff must provide the specific name of the defendant involved, a general time frame and short statement of how that defendant was deliberately indifferent to his health and safety.

      In addition, the plaintiff cannot simply include all defendants under each allegation unless each defendant was directly involved in each allegation. A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Also, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

      The court notes that the plaintiff's complaint contains four main types of allegations: 1) use of excessive force; 2) failure to protect the plaintiff from the use of excessive force; 3) deliberate

indifference to a serious medical condition; and 4) retaliation for filing previous grievances.

The plaintiff makes several claims of excessive force, but it is not clear that each of these incidents rises to the level of a constitutional violation. An Eighth Amendment claim cannot be predicated on a *de minimus* use of force. *See Fillmore v Page,* 358 F.3d 496, 504 (7th Cir. 2004). In addition, the plaintiff does not clearly state the date that each incident occurred.

The plaintiff alleges that other officers were in the room at the time some of the incidents of excessive force occurred, but it is not clear if the plaintiff is alleging that these individuals had an opportunity to stop the abuse and therefore failed to protect the plaintiff in violation of his constitutional rights. The court also notes that one incident of failing to provide the plaintiff with his food tray does not state a violation of his constitutional rights.

Finally, the plaintiff must make sure that his complaint does not contain allegations that concern unrelated matters and different sets of defendants. In *George v. Smith,* 507 F.3d 605, 607, (7th Cir. 2007), the court of appeals held that a prison may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. "[M]ultiple claims against a single party are fine, but a Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* at 606; *see also Wise v Kenosha County Sheriff,* 2008 WL 714141 (E.D. Wis. March 14, 2008); *Mitchell v Martin,* 2007 WL 4206989 (Nov. 28, 2007); *Hairston v. Walker,* 2007 WL 4293072 (S.D. Ill. Dec. 4, 2007); *Link v. Taylor,* 2008 WL 474228 (N.D. Ind. Feb. 20, 2008); *Crosby v. Bonor,* 2008 WL 1882851 (N.D. Ind. April 23, 2008); *Diaz v. Coll,* 2008 WL 2783262 (E.D. Cal. July 15, 2008).

Therefore, the court will order the plaintiff to file an amended complaint to clarify his claims. The plaintiff must file this amended complaint within 21 days. The amended complaint must stand complete on its own, without reference to the original complaint. The plaintiff must clearly state what each defendant did and approximately when it occurred. In addition, the plaintiff must not bring unrelated claims involving different sets of defendants in the same lawsuit. If the plaintiff's amended complaint contains unrelated claims against different defendants, the plaintiff may incur a strike pursuant to 42 U.S.C. §1983. Also, if the plaintiff fails to file an amended complaint within 21 days, his case may be dismissed.

The court notes the plaintiff has filed a motion for a temporary restraining order or preliminary injunction. [d/e 4]. The plaintiff asks the court to order the defendants to stop using excessive force against him, to move him to a new institution and to stop writing retaliatory disciplinary reports against the plaintiff. The motion is denied.

The purpose of a preliminary injunction is merely to minimize the hardship to the parties and to preserve the *status quo* pending a more considered decision of the merits when possible. *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988); *Lektro-Vend Corp. v. Vendo Co.*, 660 F.2d 255, 264 (7th Cir. 1981), *cert. denied*, 455 U.S. 921 (1982). A plaintiff must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-15 (7th Cir. 1990). The plaintiff must satisfy each of these elements to

prevail. *Id.* at 1015.  Here, the plaintiff has not met his burden.

The plaintiff has also filed a motion for appointment of counsel simply stating that he is not currently represented by counsel. [d/e 3] The motion is denied.  Civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment.  *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).   "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'"  *Luttrell*, 129 F.3d at 936.  Here, the plaintiff has not shown what efforts he has made to secure his own counsel. Even if he had, plaintiff appears competent to proceed *pro se*, and must first clearly state his allegations.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff must file an amended complaint within 21 days of this order.  The amended complaint must provide a short statement of the claim against each defendant and provide a relevant time frame.   If the plaintiff fails to file an amended complaint within 21 days, his case may be dismissed.  In addition, the court will strike unrelated claims and defendants in the amended complaint and the plaintiff may incur a strike for those unrelated claims and defendants**

**2) The plaintiff's motion for a preliminary injunction or temporary restraining order is denied. [d/e 4]**

**3) The plaintiff's motion for appointment of counsel is denied. [d/e 3]**

**4) This case is set for further merit review on the amended complaint by telephone conference call on June 16, 2009 at 9:30 a.m.  The clerk is to issue a writ for the plaintiff's participation in the conference call.**

Entered this 4th day of May, 2009.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE